IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                        Case 1:19-cr-10076-JDB-1

JAMES WAYNE DUNKLE,

     Defendant.

---

NOTICE REGARDING 28 U.S.C. § 2241
AND
ORDER DIRECTING CLERK TO MAIL FORM

---

On July 17, 2026, the Defendant, James Wayne Dunkle, Bureau of Prisons Register No. 31576-076 and an inmate confined at the Federal Correctional Institution Beckley in Beaver, West Virginia, filed a pro se "Motion to Recommend and/or Order to Compel the Federal Bureau of Prisons to Run Defendant's Federal Sentence Concurrent with State Sentence."  (Docket Entry ("D.E.") 239.)

Federal courts may issue writs of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A § 2241 petition is appropriate where, as here, an inmate challenges the execution of his federal sentence. *See United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply."); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (§ 2241 addresses the execution of a federal sentence).  To the extent the inmate seeks to have his federal sentence run concurrent with a state sentence or requests

pretrial sentence credit, he is challenging the execution of his federal sentence, the appropriate vehicle for which is a § 2241 petition.[1]

Section 2241(a) provides that district courts may only grant writs of habeas corpus "within their respective jurisdictions." *See Wooten v. United States*, No. 23-1072, 2023 WL 5519152, at *2 (6th Cir. Aug. 23, 2023) ("When a habeas corpus petitioner challenges his 'present physical confinement,' . . . 'jurisdiction lies in only one the district: the district of confinement'"). The law is clear that the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003); *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located.").

Dunkle is confined in the Southern District of West Virginia, the proper venue for his § 2241 petition. *See* 28 U.S.C. § 129(b). After his exhaustion of administrative remedies, he may seek § 2241 relief in the United States District Court for that district. To that end, the Clerk shall mail to Defendant a form [Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241](#) (AO 242). The Clerk is further DIRECTED to terminate the instant motion.

---

[1]Dunkle's first motion invoking § 2241 was denied in an order entered April 3, 2024. (*See* D.E. 219.)

IT IS SO ORDERED this 21st day of July 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE